## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK SCHMIDT,                              )
                                           )
        Plaintiff,                )
                                           )
                                           )        Civil Action No.
Vs.                                        )
                                           )
                                           )
PENNSYLVANIA TURNPIKE                      )        **JURY TRIAL DEMANDED**
COMMISSION,                                )
                                           )
        Defendant.                )

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Mark Schmidt, by his attorney, John Newborg, Esquire, and sets forth the following:

## JURISDICTION AND VENUE

1.  This action is brought and jurisdiction lies pursuant to the AMERICANS WITH DISABILITIES ACT, as amended ["ADA"] 42 U.S.C.A. § 12133.  All alleged unlawful practices occurred within the Commonwealth of Pennsylvania and within this judicial district.

2.  Plaintiff has complied with all conditions precedent to jurisdiction by filing a Charge of Discrimination with the Equal Employment Opportunity Commission, which was dual filed with the Pennsylvania Human Relations Commission, by obtaining a Right to Sue letter and filing a suit within 90 days of the receipt of the Right to Sue letter.

## PARTIES

3.  Plaintiff, Mark Schmidt, is an adult individual with an address of P.O. Box 736, Mars, PA 16046.

4.  Respondent, Pennsylvania Turnpike Commission (hereinafter "Commission"), is an instrumentality of the Commonwealth of Pennsylvania charged with operating the Pennsylvania Turnpike.

5.  The Commission's Central Office is located at 700 South Eisenhower Boulevard, Middletown, Dauphin County, Pennsylvania.

6.  The Pennsylvania Turnpike Commission is an employer within the meaning of the ADA in that it employs more than 50 people.

7.  At all times relevant hereto, the Pennsylvania Turnpike Commission acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## STATEMENT OF FACTS

8.  Paragraphs 1 through 7 are hereby incorporated by reference.

9.  Plaintiff, Mark Schmidt, was employed as a Shift Leader with the Defendant, the Pennsylvania Turnpike Commission.

10. Plaintiff, Mark Schmidt, is an alcoholic.

11. Mark Schmidt's alcoholism is a "disability" under the ADA.

12. After binge drinking for several days in mid-January 2009, Mark Schmidt, after notifying his employer, entered an in-patient alcohol rehabilitation program.

13. On January 23, 2009, the Defendant fired Mark Schmidt.

14. Defendant reinstated Mark Schmidt on March 16, 2009.

15. When Defendant reinstated Mark Schmidt on March 16, 2010, he was still enrolled in the in-patient alcohol rehabilitation program and the Defendant's representatives were aware that he was actively participating in the in-patient alcohol rehabilitation program.

16. When Defendant reinstated Mark Schmidt, Defendant's representatives knew that Mark Schmidt had not completed the in-patient alcohol rehabilitation program.

17. On April 7, 2010, Defendant fired Mark Schmidt for not reporting to work.

18. Defendant was aware that Mark Schmidt was enrolled in an in-patient alcohol rehabilitation program when Defendant fired Mark Schmidt on April 7, 2010.

19. Defendant knew Mark Schmidt was unable to return to work due to his disability and until he completed his in-patient alcohol rehabilitation program.

20. Under the ADA, an employer is required to provide a "reasonable accommodation" to a "disabled" employee.

21. Providing an unpaid leave of absence to an employee that is an alcoholic and attending a rehabilitation program is a reasonable accommodation.

22. Firing Mark Schmidt for not reporting to work, when the Defendant knew Mark Schmidt was not able to return to work until he completed his in-patient alcohol rehabilitation program, was a pretextual firing.

23. The real reason the employer fired Mark Schmidt was because he was an alcoholic and because Defendant perceived that Mark Schmidt would remain an alcoholic.

24. Mark Schmidt successfully completed his in-patient alcohol rehabilitation program on August 1, 2009.

25. Mark Schmidt has remained sober from the time he entered the in-patient alcohol rehabilitation program to the present.

26. Mark Schmidt is capable of performing the essential functions of his job.

## COUNT I-AMERICANS WITH DISABILITIES ACT

27. Paragraphs 1 through 26 above are hereby incorporated by reference.

28. Under the ADA, Plaintiff's alcoholism qualifies as a disability.

29. Under the ADA, Defendant-Employer was required to provide Plaintiff with a reasonable accommodation for his psychological impairment, unless such accommodation would impose an unfair burden on the Employer.

30. Under the ADA, Defendant-Employer was required to engage in an inter-active process with the Plaintiff to determine what may be necessary to accommodate Plaintiff's disability.

31. In the case of alcoholism, under the ADA, providing unpaid time off is a reasonable accommodation.

32. Although Plaintiff had suffered from the disability of alcoholism, Plaintiff was able to perform the essential functions of his job.

33. Defendant-Employer violated the ADA by failing to engage in an inter-active process with the Plaintiff to determine what actions may be needed to accommodate Plaintiff's disability.

34. Defendant-Employer violated the ADA by failing to provide Plaintiff with a reasonable accommodation to allow him to continue with his job when such accommodation would not have imposed an undue burden on Defendant-Employer.

35. Defendant-Employer violated the ADA by discriminating against the Plaintiff due to his disability when the employer fired the Plaintiff for having a disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.  Judgment in his favor and against the Pennsylvania Turnpike Commission for Future and back pay, loss of employment benefits from April 7, 2010, plus interest paid in full.

B.  Injunctive relief reinstating Plaintiff to his previous position and reinstating any benefits Plaintiff has attained through such gainful employment.

C.  Injunctive relief restraining the Pennsylvania Turnpike Commission from any further prohibited discrimination against Plaintiff.

D.  An award of compensatory damages in an amount to be determined at trial.

E.  An award of reasonable attorney's fees, including litigation expenses and costs.

F.  An award for embarrassment and humiliation.

G.  Such other relief as the Court deems just and proper.

## COUNT II-PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")

36. Paragraphs 1 through 35 are hereby incorporated by reference.

37. At all relevant times, the Pennsylvania Turnpike Commission was an "employer" as defined under the PHRA, 43 P.S. § 954(b).

38. At all relevant times, Plaintiff was an "employee" as defined under the PHRA, 43 P.S. § 954(c).

39. By virtue of the Pennsylvania Turnpike Commission's actions, as more fully set forth above, the Pennsylvania Turnpike Commission discriminated against Plaintiff because of his disability in violation of the PHRA, 43 P.S. § 955(a).

40. As a result of the aforementioned PHRA violations by the Pennsylvania Turnpike Commission, Plaintiff has suffered, and will continue to suffer damages for which recovery is allowed under the PHRA, 43 P.S. § 962(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.  Judgment in his favor and against the Pennsylvania Turnpike Commission for future and back pay, loss of employment benefits from April 7, 2010, plus interest paid in full.

B.  Injunctive relief reinstating Plaintiff to his previous position and reinstating any benefits Plaintiff has attained through such gainful employment.

C.  Injunctive relief restraining the Pennsylvania Turnpike Commission from any further prohibited discrimination against Plaintiff.

D.  An award of compensatory damages in an amount to be determined at trial.

E.  An award of reasonable attorney's fees, including litigation expenses and costs.

F.  An award for embarrassment and humiliation.

G.  Such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ John Newborg, Esquire
John Newborg, Esquire
1600 Lawyers Building
428 Forbes Avenue
Pittsburgh, PA 15219
(412) 281-1106
PA Attorney ID No. 22276